IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU, | § § § | |
| Petitioner, | § § | |
| V. | § | No. 3:17-mc-16-G-BN |
| THE SOURCE FOR PUBLIC DATA, LP, | § § § § | |
| Respondent. | § § | |

## **MEMORANDUM OPINION AND ORDER**

The Source for Public Data, L.P. ("Public Data") seeks a stay pending appeal from the Court's orders compelling enforcement of a civil investigative demand ("CID") issued by the Consumer Financial Protection Bureau (the "Bureau"). *See* Dkt. No. 29 (the "Stay Application"). Senior United States District Judge A. Joe Fish referred this case to the undersigned United States magistrate judge for determination under 28 U.S.C. § 636(b). *See* Dkt. No. 5.

### **Background**

The Court granted the Bureau's petition to enforce a CID issued by the Bureau to Public Data on June 6, 2017, *see* Dkt. No. 27, and, on June 7, 2017, the Court ordered that Public Data must comply with the CID by the later of June 28, 2017 or a later date that may be established by the Bureau, *see* Dkt. No. 27.

Public Data filed both its Notice of Appeal and the Stay Application on June 26,

2017. *See* Dkt. Nos. 28 & 29.

The Court held a telephone conference with counsel for the parties on the Stay Application on June 27, 2017. *See* Dkt. No. 31. As a result of that discussion, the Court ordered that "the Clerk of the Court is directed to remove the sealed and ex parte restrictions from The Source for Public Data. L.P.'s Ex Parte Application for Stay Pending Appeal [29] (so that this docket entry will now be publicly available); the Consumer Financial Protection Bureau must file a response to the Application for Stay Pending Appeal [29] by 11:00 a.m. Central Time on June 30, 2017, and no reply will be permitted; and the deadline set by the Court's June 7, 2017 Electronic Order [Dkt. No. 27] is stayed pending the entry of an order of the Court resolving the Application for Stay Pending Appeal [29]." Dkt. No. 32.

**Legal Standards**

A stay or injunction pending appeal is extraordinary relief and should be entered only when four conditions are met: (1) the movant establishes a likelihood of success on the merits; (2) the movant would suffer irreparable injury if a stay is not granted; (3) a showing that the stay would not substantially harm the other party; and (4) a demonstration that the stay would serve the public interest. *See In re First South Savings Assoc.*, 820 F.2d 700, 704 (5th Cir. 1987); *United States v. Baylor Univ. Med. Ctr.*, 711 F.2d 38, 39 (5th Cir. 1983). Each part of the four-factor test must be considered, but these factors should not be applied "in a rigid or mechanical fashion." *Baylor Univ. Med. Ctr.*, 711 F.2d at 39. Moreover, the movant "need only present a

substantial case on the merits when a serious legal question is involved and show that the balance of equities weighs heavily in favor of granting the stay." *Id.*; *accord Reading & Bates Petroleum Co. v. Musslewhite*, 14 F.3d 271, 272 (5th Cir. 1994).

**Analysis**

Public Data asserts that "[e]ach of the criteria for evaluating a request for a stay pending appeal as enumerated by the U.S. Supreme Court and as applied by the Fifth Circuit Court of Appeal militate in favor of granting Public Data the requested stay":

> First, the balancing of the equities favors granting a stay as the case presents serious, novel and unique questions of law that are proper subjects of an appeal. Second, unless a stay is granted, Public Data will suffer irreparable harm, its appeal will be rendered moot, and it will be compelled to comply with an overly burdensome production demand for documents and information to which the [Bureau] is potentially not entitled. Third, a stay will not harm the [Bureau] because the [Bureau] has not received any complaints against Public Data, there is no pending enforcement action against Public Data, and there are no other matters that would be affected by a stay. Finally, the public has a strong interest in ensuring governmental compliance with jurisdictional limitations and boundaries on statutorily prescribed authority.

Dkt. No. 29 at 2-3 of 19.

The Bureau responds that

> Public Data has not met its burden to establish that a stay is warranted. The Bureau issued a Civil Investigative Demand (CID) in January seeking information as part of an investigation to determine whether consumer reporting agencies, persons using consumer reports, or other persons may be violating federal consumer financial protection laws, including the FCRA. More than six months later, the Bureau has yet to receive any information in response to its CID. On June 7, 2017, the Court ordered Respondent to comply with the CID by June 28, 2017 after it considered the relevant factors and found that the Bureau's jurisdiction for issuing the CID was not "plainly lacking" because there are plausible grounds to believe that Respondent may have information related to a violation of the FCRA. Respondent neither demonstrates that the Court

> misapplied that standard to the facts of this case nor provides any basis for use of a different standard. Instead, Respondent argues that a stay is now required to shield it from the burden of complying.
>
> Respondent has not established any one of the elements necessary for a stay. Respondent has not established a likelihood of success on the merits on appeal. Instead, it simply reiterates its arguments that it is not subject to the FCRA. Respondent similarly fails to make any showing that it will suffer irreparable harm absent a stay. A stay would, however, seriously prejudice the Bureau's – and the public's – interest in the Bureau expeditiously investigating potentially unlawful conduct.

Dkt. No. 32 at 1-2.

As to the first factor, Public Data does not assert that it has a substantial likelihood of success on appeal but rather only "that the case was sufficiently close (or the issues sufficiently novel) that the party has a reasonable likelihood of appellate success and that there are equitable reasons for staying the relief *temporarily*." Dkt. No. 29 at 12 of 19 (emphasis in original). And, Public Data asserts, "[t]his standard is further loosened in cases, like this one, that present the court with serious and novel legal questions." *Id.*

The best point that Public Data has in its favor in support of a stay is its unsuccessful reliance on the recent decision of the United States Court of Appeals for the District of Columbia in *Consumer Financial Protection Bureau v. Accrediting Council for Independent Colleges and Schools (ACICS)*, 854 F.3d 683 (D.C. Cir. 2017). Public Data asserts that its "appeal presents, at a minimum, a substantial case on the merits involving serious legal questions concerning the authority of the [Bureau], especially in light of recent precedent, including the D.C. Circuit's *ACICS* decision, and that, "[a]lthough the Court ultimately did not find in favor of Public Data, its detailed

analysis of the jurisdictional issues presented reflects both their novelty and legal importance, as well as the fact that resolving whether the [Bureau] has exceeded its authority presented a close question." Dkt. No. 29 at 13, 14 of 19.

The Bureau responds that, while Public Data "rehashes the DC Circuit's [*ACICS* opinion] by arguing (as it did in response to the Bureau's Petition to Enforce) that the Notification of Purpose in this case is deficient," "[t]his Court thoroughly analyzed this argument in the June 6 Opinion and rejected it out of hand; there is no basis for this Court to now conclude that Respondent is likely to succeed on the merits, or that the Bureau's Notification of Purpose here presents a 'serious legal question' with broad implications that warrants a stay." Dkt. No. 32 at 4-5.

The Court cannot agree that it rejected Public Data's reliance on *ACICS* out of hand but also does not believe that the issues that this Court addressed or that Public Data is likely to raise on appeal involve what could properly be called a serious legal question. The Bureau did not challenge the D.C. Circuit's legal analysis of what, as a general matter, authority the Bureau has to issue a CID or what must be included under 12 U.S.C. § 5562(c)(1), and this Court likewise accepted the D.C. Circuit's explanation of the law. Rather, the Bureau argued – and this Court agreed – that the Notification of Purpose in this CID issued to Public Data does not, unlike the one in *ACICS*, fail to state adequately the unlawful conduct under investigation or the applicable law. This Court's decision on the Bureau's petition involved an application of this unchallenged law to the particular facts here, one in which the Court noted that "[t]he CID to Public Data presents a closer case than the one in *ACICS*." Dkt. No. 26

at 18.

But, even assuming that Public Data could show that a serious legal question is involved and that it has a substantial case on the merits, Public Data has not shown that the balance of equities weighs heavily in favor of granting the stay.

Its strongest argument on the remaining factors may be that "unless a stay is granted, Public Data will suffer irreparable harm, its appeal will be rendered moot, and it will be compelled to comply with an overly burdensome production demand for documents and information to which the [Bureau] is potentially not entitled." Dkt. No. 29 at 3 of 19. But the alleged irreparable harm to which Public Data points has been either rejected by the Fifth Circuit or was not asserted or substantiated before this Court or now on the Stay Application.

As to mootness, the Fifth Circuit previously rejected an "argument that denial of a stay – i.e., being forced immediately to comply with [administrative] subpoenas [for documents] – will cause irreparable injury [to the subpoenaed entity] by mooting its appeal." *United States v. Transocean Deepwater Drilling, Inc.*, 537 F. App'x 358, 362 (5th Cir. 2013). The Court of Appeals, following *Church of Scientology of California v. United States*, 506 U.S. 9 (1992), explained that, "[w]hen documents have been provided pursuant to a subpoena later found to be unlawful, a court can fashion 'meaningful relief' by ordering the documents returned. This is because the owner of subpoenaed documents retains "an obvious possessory interest in [its] records." *Id.* (citation omitted). As the Bureau argues, this analysis applied equally here.

In *Transocean*, the Fifth Circuit did note that, "[t]o be clear, Transocean has not

argued that the burden of complying with the subpoenas is an irreparable injury, or that the absence of a stay will irrevocably deprive it of some other property or liberty interest." *Id.* at 363. And Public Data does argue that "compliance with the [Bureau's] CID essentially requires that Public Data compile and produce to the [Bureau] substantial information on all of Public Data's employees, contractors, clients, databases, confidential and proprietary technologies, policies, procedures, products, and services, as well as its parent and related companies and subsidiaries by June 28, 2017. [Dkt. Nos. 2-2 and 27.] Not only would the compilation and production of all of this information be unduly burdensome on Public Data, but this is also information that Public Data contends the [Bureau] is not entitled to as the [Bureau] lacks jurisdiction over it." Dkt. No. 29 at 13 of 19.

But Public Data did not ultimately challenge enforcement of the CID in this Court on grounds of undue burden and has not presented any evidence of the extent of that alleged burden. And the Bureau responds that, "[a]ssuming this burden is related to possible economic injury, courts have repeatedly rejected such arguments to establish irreparable harm." Dkt. No. 32 at 6 (footnote omitted; citing cases). This Court is not so sure that, in this context, Public Data could fully recover the economic costs it would incur to comply with the CID while its appeal is pending. But compliance with an order on appeal often involves costs and burden and yet this factor does not automatically weigh in favor of the stay applicant. Where Public Data has not seriously pressed or substantiated this alleged undue burden, the Court finds that this factor at the least weighs only somewhat in favor of a stay.

And the other factors do not weigh in favor of a stay. Although Public Data contends that the Bureau is without jurisdiction or authority to issue the CID in this case, the Court has concluded that the Bureau's authority to issue the CID – as opposed to any authority to undertake an enforcement action against, for example, Public Data, which the Bureau is seeking information to assess and which was not the issue before the Court on this petition – is not plainly lacking. Public Data's arguments as to this factor all assume that the Court erred in rejecting its challenges to the Bureau's investigative authority and depend on its irrelevant assertions that the Bureau has not received any complaints against Public Data or its business and there is no pending enforcement action against Public Data. "The 'injury to the other parties' and 'public interest' factors merge when the Government is the opposing party." *Transocean*, 537 F. App'x at 364 (internal quotation marks omitted). The Court cannot accept Public Data's contention that "there are no outstanding matters which would be affected by a stay of the Court's Orders" because the Bureau's investigative inquiry in the form of the CID at issue here is just such a matter.

The public interest factor is – at best for Public Data – neutral when assessing Public Data's assertion of a public interest in "ensuring that governmental agencies do not unlawfully exceed their granted authority or jurisdiction, and where businesses and citizens need protection from compelled production of documents and information to an agency which may not even be entitled to such make such a demand," Dkt. No. 29 at 16 of 19, against the injury that the Fifth Circuit has explained that "a stay would work upon the government and the public" where an agency is authorized to

conduct the investigation at issue to accomplish its statutory mission and where "[d]elaying the subpoenaed documents' release would impede the accomplishment of this mission." *Transocean*, 537 F. App'x at 364.

"Finally, [Public Data] submits that the public has an interest in having 'the appellate courts ... consider[ ] the serious legal questions raised in this case' – an interest that cannot be vindicated if its appeal becomes moot. Because [Public Data]'s appeal will not be mooted by compliance with the [CID], [the Court of Appeals] will have ample opportunity to consider the legal questions raised in this case." *Id.* at 365.

Public Data has not established that the balance of the equities weighs heavily in favor of granting the stay and therefore fails to satisfy the standard that it has invoked. And Public Data does not purport to have made a strong showing that it is likely to succeed on the merits and so also has failed to satisfy its burden under the traditional test for a stay pending appeal.

**Conclusion**

For the reasons explained above, the Court DENIES The Source for Public Data, L.P.'s Stay Application [Dkt. No. 29].

SO ORDERED.

DATED: June 30, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE